IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHAD ALLEN BEERS,**

      **Petitioner,**

      v.                        CASE NO. 16-cv-3051-JWL

**CLAUDE MAYE,**

      **Respondent.**

## MEMORANDUM AND ORDER

Petitioner is a federal inmate at the United States Penitentiary in Leavenworth, Kansas. He is serving a 288-month aggregated sentence for kidnapping, transportation of stolen motor vehicles across state lines and two escape convictions. He filed this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 to challenge one of his escape convictions.[1] The court dismisses this action for lack of statutory jurisdiction under § 2241 to determine petitioner's challenge.

Petitioner was convicted by a jury in Case No. 95-cr-50019 in the United States District Court for The Western District of Arkansas of "escape from federal custody".[2] He was sentenced to 60 months imprisonment. The Eighth Circuit Court of Appeals affirmed on direct appeal. In 1998, petitioner filed

---

[1] Petitioner served state sentences for several years in Nebraska before he was taken into custody to begin service of his aggregated federal sentence. See Beers v. Maye, Case No. 12-cv-3261-KHV (June 6, 2014), Order (Doc. 41) at 1-3, 6.

[2] The court takes judicial notice of the records in that criminal case.

a motion under 28 U.S.C. § 2255 in the sentencing court, which was denied. He appealed, and in 1999 the Eighth Circuit denied a certificate of appealability and dismissed the appeal.

Petitioner claims that his 1996 conviction for escape was "rendered legally unsound" by a finding in a 2015 opinion of the Tenth Circuit Court of Appeals that merely affirmed the denial of his 2012 habeas challenges to sentence computation. See *Beers v. Maye*, 611 Fed.Appx. 933 (10th Cir. May 27, 2015). Petitioner interprets the Circuit's opinion as finding that he was not in federal custody at the time of his escape.[3]

A petition under § 2241 is not an additional, alternative, or supplemental remedy to the relief afforded by a motion in the sentencing court under § 2255.[4] *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). It does not ordinarily encompass claims of unlawful detention based on challenges to the conviction or sentence of a federal prisoner. *Id*.

---

[3] Petitioner argues that he was convicted of escaping the Marshal's writ used to "borrow" him from Nebraska authorities. He also argues that the Tenth Circuit found that he "never left the custody of the writ" and thus was not in federal custody. He claims based on these somewhat contrary assertions that he was not in federal custody when he escaped. The Eighth Circuit ruled otherwise on direct appeal that copies of the writs were sufficient evidence that defendant was in federal custody.

[4] 28 U.S.C § 2255(a) provides as follows:

> A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States. . , or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.*

Recently, the Tenth Circuit succinctly summarized its relevant precedent as follows:

> Section 2241 petitions attack "the execution of a sentence rather than its validity. . . ." [*Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011)]; and object to "the nature of a prisoner's confinement."[5] [*Prost*, 636 F.3d at 581]. Conversely, federal prisoners who wish to attack the legality or validity of their sentence or conviction generally are limited to pursuing that goal through a § 2255 petition filed in the district that imposed the sentence. *Brace*, 634 F.3d at 1169 (noting § 2255 petitions are generally "the exclusive remedy" for these prisoners). Thus, a district court usually lacks statutory jurisdiction over a § 2241 petition that professes to attack the legality or validity of the prisoner's detention, see *Abernathy v. Wandes*, 713 F.3d 538, 557–58 (10th Cir. 2013), which Alvarez's § 2241 petition clearly does.
>
> In narrow circumstances, however, § 2255(e)'s "savings clause" allows a federal prisoner to challenge the legality of his detention under § 2241 if he shows the "remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." *Brace*, 634 F.3d at 1169 (alteration in original). But "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). Examples of true inadequacy include cases where the original sentencing court has been abolished, the sentencing court refuses to consider the § 2255 motion, or a single sentencing court lacks the ability to "grant complete relief when sentences have been imposed by multiple courts." *Id.*
>
> No obstacles of that type exist here. To the contrary, although Alvarez has already filed one § 2255 petition, the statute expressly provides a mechanism by which prisoners like him can seek permission from the "appropriate court of appeals" to

---

[5] They challenge "some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters." *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809, 812 (10th Cir. 1997).

3

file a second or successive petition in the appropriate district. . . . 28 U.S.C. § 2255(h)(2).[6] As far as we can tell, Alvarez remains free to request that permission from the Eighth Circuit. Indeed, he had not done so when he filed his § 2241 petition . . . . . . Whether the Eighth Circuit would grant that request does not affect our decision here. We only ask whether there is a path pursuant to § 2255 for Alvarez to attempt his desired attack on his sentence's validity. Because one exists, § 2255 is adequate. See *Prost*, 636 F.3d at 584 ("[T]he [savings] clause is concerned with process—ensuring the petitioner an opportunity to bring his argument—not with substance—guaranteeing nothing about what the opportunity promised will ultimately yield in terms of relief."). Consequently, the district court lacked statutory jurisdiction.

*Alvarez v. Maye*, 624 Fed. App'x 655, 656-57 (10th Cir. 2015). The savings clause is concerned with process, not substance, "guaranteeing nothing about what opportunity promised will ultimately yield in terms of relief." *Prost*, 636 F.3d at 584; *Barnett v. Maye*, 602 Fed. App'x 717, 719 (10th Cir. 2015).[7] It

---

[6]  Section 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.*

[7]  The one-year statute of limitations in Section 2255(f) is a second gate-keeping provision. Dismissal under this provision does not render the § 2255 remedy inadequate or ineffective. A habeas petitioner may not avoid the statutory gate-keeping restrictions in § 2255 by simply recasting his claims

4

is petitioner's burden to show that the remedy under § 2255 is inadequate or ineffective. *Abernathy*, 713 F.3d at 549; *Brace*, 634 F.3d at 1169.

Petitioner acknowledges that he is attempting to challenge his federal conviction and sentence in Case No. 95-cr-50019. He also acknowledges that he may not challenge his federal conviction or sentence in this petition under § 2241, unless he satisfies the savings clause test by showing that his § 2255 remedy is inadequate or ineffective.[8] Petitioner then does as he must and asserts that his § 2255 remedy is inadequate or ineffective. However, the facts he alleges in support of this assertion utterly fail to make the requisite showing. Petitioner alleges that the Tenth Circuit's factual determination rendering his conviction legally unsound "did not manifest until 2015, some 20 years after" his initial Section 2255 motion was filed. However, petitioner could have raised his claim on either direct appeal or in his initial § 2255 motion since the facts regarding his transportation by writ and escape were available at that time. The record suggests that he

---

as being brought under § 2241.

[8] A federal prisoner may be able to petition for habeas corpus relief under Section 2241 after the sentencing court has denied him relief under Section 2255 "through the mechanism of § 2255(e)'s savings clause." *Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013); *Brown v. Berkebile*, 572 Fed. App'x 605, 608 (10th Cir. 2014)). "To fall within the ambit of the savings clause and so proceed under Section 2241, a prisoner must show that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *Id.* (citing *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011)(quoting 28 U.S.C. § 2255(e)).

5

made a similar argument on direct appeal. In any event, the instant petition amounts to a second and successive challenge to petitioner's conviction and sentence, and petitioner fails to demonstrate that his remedies under § 2255 were or are inadequate or ineffective. Consequently, this court lacks statutory jurisdiction to address the merits of petitioner's claims.[9]

**IT IS THEREFORE ORDERED** that this petition for writ of habeas corpus is denied, without prejudice.

**IT IS FURTHER ORDERED** that petitioner is to immediately submit the filing fee of $5.00.[10]

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 3rd day of March, 2016.

>
> s/ John W. Lungstrum
> JOHN W. LUNGSTRUM
> U.S. DISTRICT JUDGE

---

[9] Petitioner's procedural vehicle is to seek preauthorization from the Eight Circuit Court of Appeals to file a successive § 2255 motion in the sentencing court. This court exercises its discretion to dismiss rather than transfer this petition because it is untimely on its face and petitioner's claim does not appear to satisfy the standards for preauthorization.

[10] Petitioner submitted with his petition a copy of a withdrawal request for $5.00 that he stated was submitted to the BOP on the day his petition was filed. However, the fee has not been received. Petitioner must make certain that the fee is sent to the clerk. The Notice of Deficiency issued in this case on March 1, 2016, and the deadline set therein are rendered moot by the entry of this order of dismissal.